UNITED STATES, Appellee

v.

Kevin L. PIERCE, Sergeant, U.S. Air Force, Appellant.

No. 93–0185.
CMR No. 29116.

U.S. Court of Military Appeals.

Argued March 1, 1994.

Decided Aug. 19, 1994.

Certiorari Denied Dec. 12, 1994.
See 115 S.Ct. 669.

For Appellant: *Major George F. May* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel Terry J. Woodhouse.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During December of 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Scott Air Force Base, Illinois. Contrary to his pleas, he was found guilty of involuntary manslaughter of his infant daughter, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919. On December 7, 1990, he was sentenced to a bad-conduct discharge, hard labor without confinement for 90 days, and reduction to E–3. On February 11, 1991, the convening authority approved the adjudged sentence. On October 7, 1992, the Court of Military Review affirmed the findings of guilty and the sentence in an unpublished opinion.

This Court, on August 18, 1993, granted review on the following question of law raised by appellate defense counsel:

WHETHER APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS CIVILIAN COUNSEL'S UNILATERAL DECISION TO WAIVE SUBMITTING POST–TRIAL MATTERS TO THE CONVENING AUTHORITY.

We hold that appellant was not denied effective assistance of counsel. Any error by civilian counsel in waiving appellant's right to submit post-trial matters to the convening authority has not been shown by appellant to be prejudicial. *United States v. DeGrocco*, 23 MJ 146 (CMA 1987). *Cf. United States v. Holt*, 33 MJ 400, 411–12 (CMA 1991) and *United States v. Stephenson*, 33 MJ 79, 82–83 (CMA 1991).

The Court of Military Review found the following facts concerning the granted issue:

Appellant's civilian defense counsel indicated he would be responsible for post-trial matters. In receipting for the Staff Judge Advocate's Recommendation, appellant indicated he intended to submit matters to the convening authority. The record of trial was served on appellant and after over 10 days elapsed without any submissions from appellant or his civilian counsel, a call was placed to his civilian defense counsel to determine whether they desired a further delay of final action. Based upon a conversation with the civilian defense counsel, an additional day's delay was approved. Final action was taken by the convening authority after the 10–day time period for submissions and after the extra day's delay provided to appellant's civilian counsel. Appellate defense counsel assert the action by the civilian defense counsel waiving submissions was unilateral and not the decision of appellant. Appellant's failure to submit matters to the convening authority within 10 days of the service of the record upon him constituted a waiver of this right. Attempting to avoid this waiver rule by blaming civilian defense counsel's after-the-fact efforts is without merit. We find the convening authority's final action on this case was timely. *United States v. Shaw*, 30 MJ 1033 (AFCMR 1990); *United States v. Euring*, 27 MJ 843 (ACMR 1989); RCM 1105(c)(1), 1105(d)(1).

Unpub. op. at 2.

Appellate government counsel filed a statement with this Court from civilian defense counsel on January 12, 1994, stating:

COMES NOW Eric Rathbone, and states that the following is true:

Several days after the trial ended, Mr. and Mrs. Pierce, my secretary, and I had dinner together. At that time, Mr. Pierce indicated he was satisfied with the results of the trial and that he did not wish to proceed with any further action. Following our dinner, Mr. Pierce changed residency and after several attempts to contact him including leaving messages with his wife I received no response and eventually gave up trying.

Appellant defense counsel subsequently filed letters and other documents from appellant, his wife, and brother disputing the representations of Mr. Rathbone.

— — —

Appellant's claim of ineffective assistance of counsel is based on the Sixth Amendment and Article 27(b), UCMJ, 10 USC § 827(b). He asserts that civilian counsel's failure to "present a petition for clemency and other favorable sentencing matters to the convening authority" (Final Brief at 4) after he (appellant) earlier indicated an intent to do so was unreasonable professional conduct for an attorney. Moreover, he argues that such conduct should be presumed prejudicial because it denied him his best hope of securing sentence relief, *i.e.*, clemency action by his convening authority. *United States v. Moseley*, 35 MJ 481, 484–85 (CMA 1992)); *United States v. Narine*, 14 MJ 55, 57–58 (CMA 1982). In the alternative, he asserts that his letter to this Court on February 22, 1993, impliedly indicates such clemency matters exist and, thus, his lawyer's inaction specifically prejudiced him.

A finding of ineffective assistance of counsel requires a showing of deficient professional conduct and a showing that such conduct prejudiced appellant. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Holt*, 33 MJ at 409. Here, there is a factual dispute as to whether de-

fense counsel, unilaterally and contrary to appellant's wishes, waived appellant's right to submit matters to the convening authority prior to his action. *See generally United States v. Goode*, 1 MJ 3 (CMA 1975); and RCM 1106(f), Manual for Courts–Martial, United States, 1984. We are not a factfinding body (Art. 67(c), UCMJ, 10 USC § 867(c) (1989)); accordingly, we cannot resolve appellant's claim on the basis that the evidence of record shows his defense counsel's conduct was reasonable. *Cf. United States v. Curry*, 31 MJ 359, 376–77 (CMA 1990). *See generally United States v. Smith*, 36 MJ 455 (CMA 1993); *United States v. Parker*, 36 MJ 269 (CMA 1993) (hearing under *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967), may be required to determine factual questions concerning post-trial claims of ineffectiveness of counsel).

■ Nevertheless, it is uncontroverted that appellant was represented by counsel after his trial and that counsel was served with the post-trial recommendation. *Cf. United States v. Moseley, supra* at 485 (failure to serve defense counsel with post-trial recommendation deprived accused of counsel). In these circumstances we have normally required a showing of prejudice before granting relief based on a premature convening authority action. *United States v. John-son*, 23 MJ 327 (CMA 1987); *United States v. DeGrocco*, 23 MJ 146 (CMA 1987). In the absence of a finding of total abandonment by defense counsel, we see no reason to depart from this prejudice rule in resolving appellant's unauthorized counsel-waiver claim.

We finally note that there is no offer of proof, even at this late stage of the proceedings, as to the particular nature of the materials that appellant or counsel would or could have submitted to the convening authority. *United States v. Robertson*, 39 MJ 211 (CMA 1994). Vague or general intimations in this regard will not suffice. *See also United States v. Craig*, 28 MJ 321, 325 (CMA 1989). Accordingly, any error in counsel's failure to secure appellant's approval of the waiver action has not been shown to be prejudicial so as constitute a denial of his right to effective assistance of counsel. *See also United States v. Demerse*, 37 MJ 488, 490–91 (CMA 1993) (record establishes that defense counsel's unreasonable conduct at trial not prejudicial).

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.