OPINION OF THE COURT
SENANDER, Judge:
The appellant was convicted, in accordance with his pleas, by a military judge sitting as a general court-martial, of attempted possession of lysergic acid diethylamide (LSD) and wrongful use of LSD. Articles 80 and 112a, UCMJ, 10 U.S.C. §§ 880, 912a. His approved sentence is a bad-conduct discharge, 5 months confinement, and reduction to E-l. The appellant asserts his trial defense counsel was ineffective in the post-trial processing of his case. We agree.
During sentencing proceedings, the appellant made an unsworn statement in which he related the financial problems he anticipated due to automatic forfeitures that would follow a sentence which included a punitive discharge and confinement. He testified that his rent and utilities were $600 per month, his automobile loan payments were $500 per month, and his automobile insurance was $95 per month. Following announcement of sentence, the military judge stated that he was accepting the accused’s representations of his financial situation at face value. He strongly recommended the convening authority waive automatic forfeitures and provide a substantial portion of those funds to the accused’s wife if it was established that the financial situation was as precarious as represented.
Automatic forfeitures went into effect on March 6, 1997 — 14 days after the court-martial. See Article 57(a), 10 U.S.C. § 857(a). The appellant’s trial defense counsel, who was stationed at another base, did not request deferment of automatic forfeitures pri- or to collection under Article 57(a). Subsequently, the trial defense counsel responded to the staff judge advocate’s recommendation (SJAR) by discussing the military judge’s recommendation for waiver. He stated that both the appellant’s first sergeant and the prosecuting attorney offered to ensure that the appellant’s financial status would be made available to the convening authority “for the purpose of deferring the automatic forfeitures.” He asserted that the first sergeant was given a copy of the bills, but misplaced them and did not provide them to the convening authority. He also claimed that his efforts to receive the promised assistance from the prosecuting attorney met with no action. Finally, he told the convening authority: “Legal office personnel have informed me, at least twice, they would look into the matter and get back with me. I have yet to receive a phone call explaining why the automatic forfeitures were not waived.”
The addendum to the SJAR responded to these assertions as follows:
The accused is asking that you remit 2 months of his confinement and [set-aside] the bad-conduct discharge. The defense counsel added that he contacted my office at least twice asking why the automatic forfeitures were not waived. It should be noted, that if the defense counsel would have submitted a request for deferment of forfeitures, in writing, prior to 14 days after the sentence, that issue would have been addressed. However, this did not happen. In accordance with Air Force *894 Instruction 51-201, I must notify DFAS-Denver of the sentence 14 days after it has been announced and they must start the automatic forfeitures at that time. Deferment is done prior to action and waiver is done subsequent to action. It is incumbent upon the defense counsel to provide, in writing, a request to defer forfeitures prior to 14 days after the sentence is announced, if that type of relief is necessary.
(Emphasis in original.) The staff judge advocate then recommended that automatic forfeitures be waived for a period of three months. This was the remaining portion of appellant’s five month sentence at the time of convening authority action. The trial defense counsel was served with a copy of the addendum, but did not submit a response.
The standard for review of ineffective assistance of counsel claims was set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also United States v. Scott, 24 M.J. 186 (C.M.A.1987). The two-pronged Strickland test requires appellant to first demonstrate that his counsel’s performance was so deficient that he was not functioning as counsel within the meaning of the Sixth Amendment. Second, appellant must demonstrate that his counsel’s errors prejudiced his ease. Appellant must make both showings or his claim fails.
Defense counsel duties continue through post-trial proceedings, and any post-trial error committed by counsel can be tested for prejudice. United States v. Cornett, 47 M.J. 128, 133 (1997), United States v. Hickok, 45 M.J. 142, 145 (1996). Claims of prejudice arising from failure to submit clemency materials must be sufficiently specific to demonstrate the alleged prejudice; “vague or general intimations in this regard will not suffice.” United States v. Pierce, 40 M.J. 149, 151 (C.M.A.1994).
Appellate courts give great deference to trial defense counsel’s judgment, and “presume counsel’s conduct falls within the wide range of reasonable professional assistance.” United States v. Morgan, 37 M.J. 407, 409 (C.M.A.1993). Tactical decisions will not be second-guessed. United States v. Sanders, 37 M.J. 116, 118 (C.M.A.1993).
The convening authority has statutory power to defer automatic pay forfeitures any time prior to action and, at or prior to the time of action, to waive them in favor of dependents for up to six months. Articles 57(a)(2) and 58b(a) and (b), UCMJ. Article 57(a)(1)(A) and (B) provide that any forfeiture of pay or allowance or reduction in grade that is included in a sentence of a court-martial takes effect 14 days after the date on which the sentence is adjudged or the date on which the sentence is approved by the convening authority, whichever is earlier. However, Article 57(a)(2) adds:
On application by an accused, the convening authority may defer forfeiture of pay or allowances or reduction in grade that would otherwise become effective under paragraph (1)(A) until the date on which the sentence is approved by the convening authority. Such a deferment may be rescinded at any time by the convening authority.
(Emphasis added.)
Article 58b(a)(l), UCMJ, provides that a court-martial sentence that includes confinement for six months or death; or confinement for six months or less and a dishonorable or bad-conduct discharge or dismissal shall result in the forfeiture of pay, or of pay and allowances, due that member during any period of confinement or parole. The effective date of automatic forfeitures of pay, and any deferral thereof, is controlled by Article 57(a). Article 58b(b), UCMJ, states:
In a case involving an accused who has dependents, the convening authority or other person acting under section 860 of this title (article 60) may waive any or all of the forfeitures of pay and allowances required by subsection (a) for a period not to exceed six months. Any amount of pay or allowances that, except for a waiver under this subsection, would be forfeited shall be paid, as the convening authority or other person taking action directs, to the dependents of the accused.
(Emphasis added.) A convening authority acts “under” Article 60, UCMJ, when he or *895 she takes action on the findings and sentence in a case. Article 60(e)(2) authorizes the convening authority to act on a sentence only after the accused has been served with the SJAR and provided an opportunity to submit clemency matters, “subject to regulations of the secretary concerned.” 10 U.S.C. § 860(c)(2).
The pertinent “regulations of the secretary concerned,” found in Air Force Instruction (AFI) 51-201, Administration of Military Justice, 119.7.3 (1 September 1996), provide that “the convening authority may waive any part or all of the automatic forfeitures under Article 58b, when the accused is actually serving a sentence to confinement, for up to six months at any time prior to action or when action is taken.” (Emphasis in original.) This regulatory language clearly authorizes the convening authority to waive automatic forfeitures prior to action. Because automatic forfeitures are triggered by the type of sentence adjudged, a convening authority “acts” on the sentence when deciding whether to waive such forfeitures. This calls into play the requirements of Article 60, UCMJ, and the procedural .due process requirements flowing therefrom.
In summation, the convening authority may defer automatic forfeitures any time prior to action. Additionally, the convening authority may waive, prior to or on the date of action the automatic forfeitures for up to six months. This provides the convening authority the discretion to prevent application of automatic forfeitures for longer than the commonly understood six month waiver period. It is important to remember that waived forfeitures may only be paid to the dependents of an accused, but deferred forfeitures are paid to the accused. The convening authority has no power to direct payment of deferred forfeitures to dependents. United States v. Spears, 48 M.J. 768, 773 (A.F.Ct.Crim.App.1998).
Trial defense counsel failed to request deferment or waiver of automatic forfeitures prior to the action of the convening authority. When a military judge recommends relief because of financial concerns, there is no justifiable reason for failure to make such a request. Ideally, a request for deferment should be made prior to the 14th day after trial, before automatic forfeitures take effect. Defense counsel cannot rely on the trial counsel or a first sergeant to accomplish those duties he or she should perform. Trial defense counsel compounded the problem when he received the Addendum to the SJAR and failed to even respond. The Addendum incorrectly stated: “Deferment is done prior to action, waiver is done subsequent to action.” The staff judge advocate recommended three months waiver based on his incorrect understanding of AFI 51-201, Administration of Military Justice, 119.7.3 (1 September 1996). Had he responded, the trial defense counsel could have informed the convening authority of this obvious error.*
We find the appellant’s trial defense counsel was deficient in failing to take responsibility for obtaining and providing financial statements to the convening authority as part of a timely request for deferment or waiver. Accordingly, we conclude that the appellant was prejudiced when his counsel failed to make a timely and sufficiently supported request for deferment or waiver of the automatic forfeitures applied during the appellant’s five month period of confinement.
A new post-trial action will provide the convening authority an opportunity to take action based upon correct advice and with clarification of the appellant’s financial situation, if the appellant determines submission of financial data is appropriate. The convening authority may approve the same sentence and again waive automatic forfeiture of pay for three months, or if corrective action is deemed appropriate, the convening authority may approve the same sentence or a lesser sentence and waive automatic forfeitures of pay for the entire period of confinement.
The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for a new action by *896 the same or a different convening authority in accordance with Article 60, UCMJ.
Chief Judge ROTHENBURG and Judge SPISAK concur.

 Beyond the problems caused by his legal errors, the staff judge advocate could have taken an earlier and more active role in facilitating the post-trial process for the benefit of all concerned; we urge all staff judge advocates to do so.