UNITED STATES, Appellee,

v.

Brant D. PFISTER, Chief Warrant
Officer Two, U.S. Army,
Appellant.

No. 99–0311.
Crim.App. No. 9600589.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 11, 2000.

Decided July 5, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., and COX, S.J., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Captain Stephanie L. Haines* (argued); *Colonel Adele H. Odegard, Major Scott R. Morris,* and *Captain Donald P. Chisholm* (on brief); *Colonel John T. Phelps II, Captain Kirsten Campbell–Brunson,* and *Captain Jodi E. Terwilliger–Stacey.*

For Appellee: *Captain Kelly D. Haywood* (argued); *Lieutenant Colonel Eugene R. Milhizer* and *Major Patricia A. Ham* (on brief); *Captain Arthur J. Coulter.*

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to a pretrial agreement, appellant pleaded guilty to 2 specifications of sodomy and 4 specifications of committing indecent acts with his daughter, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. Accordingly, the Government dismissed a charge of rape, 1 specification of

sodomy, a charge of assault, 2 specifications of committing indecent acts, and 2 specifications of adultery. Appellant was sentenced by officer members to a dismissal, 20 years' confinement, and total forfeitures. The confinement portion of the sentence was limited to 8 years by the pretrial agreement. The Court of Criminal Appeals affirmed the findings and sentence, and we granted review of the following issue:

WHETHER THE STAFF JUDGE ADVOCATE DEPRIVED APPELLANT OF AN OPPORTUNITY TO RESPOND TO NEW POST–TRIAL MATTERS BY: (1) PRESENTING SAID NEW MATTERS TO THE CONVENING AUTHORITY ONLY ONE DAY AFTER THE ARMY COURT OF CRIMINAL APPEALS DENIED APPELLANT'S PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF PROHIBITION TO EXCLUDE SAID NEW MATTERS, WITHOUT FIRST NOTIFYING APPELLANT'S COUNSEL OF THE COURT'S DECISION, AND (2) PRESENTING SAID NEW MATTERS TO THE CONVENING AUTHORITY WITHOUT FIRST NOTIFYING APPELLANT'S COUNSEL THAT APPELLANT'S REQUEST THAT THE STAFF JUDGE ADVOCATE WITHDRAW THE NEW MATTERS WAS DENIED; APPELLANT'S DECISION TO DEFER REBUTTAL OF THE SAID NEW MATTERS UNTIL AFTER RESOLUTION OF THE PENDING PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF PROHIBITION AND UNTIL AFTER RESOLUTION OF HIS PENDING REQUEST TO THE STAFF JUDGE ADVOCATE TO WITHDRAW THE NEW MATTERS WAS NOT AN AFFIRMATIVE WAIVER; THEREFORE, WAIVER DOES NOT APPLY.

For the reasons discussed herein, we affirm.

■ In response to the staff judge advocate (SJA) recommendation prepared on September 4, 1996, appellant submitted a detailed letter to the convening authority dated September 7, 1996, in his clemency petition. In this letter, appellant stated:

My behavior was wrong, and caused pain and confusion for our daughter....

\* \* \*

Wendy [appellant's second wife], our family, and friends, all support my release from confinement soon so the necessary healing process can resume. In fact, Wendy, our family, friends, and subject matter experts are shocked and saddened by the outcome of this case.... Not one of them felt confinement was warranted in this case, of any benefit to society, or in the best interest of rebuilding a loving and caring family.

Apparently, in response to appellant's clemency petition, appellant's first wife, Betty, the mother of the victim, submitted a letter as a Victim Impact Statement dated October 24, 1996. This letter rebutted appellant's assertion that his family supported his release from confinement by stating that his claim that the children wanted his early release was "an outright lie." It said:

He is a man who on three occasions attempted to murder me and threatened my death on other occasions. He was

violent to me and to the children, and he was extremely emotionally manipulative to the point that one could not trust a word from his mouth. He was once described by his own co-workers in a security investigation as "a pathological liar" who was "believed to be violent toward his wife." He was once accused of sexually molesting his daughter when she was only 2 years old, but charges were not filed.

The Victim Impact Statement was included in an addendum to the SJA recommendation and was served on appellant and defense counsel on October 30, 1996. The next day, Captain (CPT) V replaced CPT F, the trial defense counsel. On November 4, 1996, CPT V was granted a delay before submitting the defense response to the SJA recommendation. On November 11, 1996, appellant's request for an extension to file a new clemency petition through CPT V was granted until December 1, 1996. On November 12, 1996, CPT V moved to withdraw the previous defense submission by CPT F.

CPT V submitted a second clemency petition on December 2, 1996. That same day, the defense faxed a request to Major (MAJ) Gross, Chief of Criminal Law in the SJA's office, requesting that the Victim Impact Statement not be forwarded to the convening authority for his review. In the alternative, the defense requested a delay until the Army Court of Criminal Appeals decided whether to issue a writ of prohibition to preclude the Victim Impact Statement from being sent to the convening authority. On the fax cover sheet, CPT V asked MAJ Gross to advise her of his decision regarding submission of the addendum as soon as possible and indicated that she would be on temporary duty from December 3–7, 1996.

On December 3, 1996, appellant filed a petition for extraordinary relief and for a stay of proceedings, as well as a supporting brief in the Court of Criminal Appeals. Cpt V provided a copy of this to the SJA. The petition was denied on December 4, and the next day the addendum containing a redacted version of the Victim Impact Statement and the SJA recommendation was forwarded to the convening authority. He took action, reducing the sentence in conformance with the pretrial agreement.

On December 6, 1996, CPT V learned of the convening authority's action. She was unaware of the Court of Criminal Appeals' decision or the convening authority's action until that time. Neither MAJ Gross nor the SJA had attempted to contact her. On December 10, 1996, CPT V spoke with MAJ Gross, who confirmed that the convening authority had acted on December 5, 1996. MAJ Gross indicated that appellant had already received clemency in the form of the pretrial agreement, which limited the confinement to 8 years versus the 20 years adjudged in the case.

The defense now claims that they should have been given a chance to rebut the redacted version of the Victim Impact Statement. The defense was served a copy of the Victim Impact Statement on October 30, and the convening authority took action on December 5. During the approximately 33 days between those dates, CPT V submitted a sec-ond clemency petition and filed a petition for extraordinary relief and for a stay, as well as a supporting brief in the Court of Criminal appeals. There was more than ample time for CPT V, who was so clearly familiar with the facts, to prepare a rebuttal to the redacted version of the Victim Impact Statement.

Additionally, CPT V did not seek a further extension from the convening authority. The fact that she filed a petition for extraordinary relief in the Court of Criminal Appeals did not relieve her of the obligation either to apply for such an extension or to provide the convening authority with specific rebuttal to the addendum. We conclude that, under all these circumstances, her failure to do either constituted waiver of such rebuttal.

 Finally, we hold that there was no plain error that would overcome this waiver. Plain error is an error that is clear or obvious and materially prejudices the substantial rights of the accused. *United States v. Powell,* 49 MJ 460, 464 (1998). Under the circumstances described above, the decision of the convening authority to take his action without appellant's rebuttal to the redacted statement did not constitute clear or obvious error.

The decision of the United States Army Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

First, I do not believe this is a case involving waiver. Waiver entails the "intentional relinquishment or abandonment of a known right." *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1992). Appellant's counsel did not waive the claim of error in the Victim Impact Statement attached to the staff judge advocate's (SJA) recommendation because she responded to it in a timely manner by: (1) requesting that the SJA remove the material at issue; (2) filing an extraordinary writ petition in the U.S. Army Court of Criminal Appeals; and (3) requesting that the SJA delay action until the petition was reviewed.

In my opinion, appellant's claim is really one of ineffective assistance of counsel. *Cf. United States v. Pierce,* 40 MJ 149 (CMA

1994). An appellant is entitled to effective post-trial representation, which is judged under the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), standard. *See, e.g., United States v. Wiley,* 47 MJ 158 (1997); *cf. Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The appellant must show that counsel's performance was deficient and that the deficient performance prejudiced appellant. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

This case involves poor, but not ineffective, lawyering. Defense counsel was aggressive and zealous in taking this post-trial matter to the U.S. Army Court of Criminal Appeals by an extraordinary writ process. However, defense counsel failed to take a crucial extra step by only asking for a delay in submitting the SJA's recommendation to the convening authority until the Court of Appeals acted. Defense counsel should have also requested an extension of time to reply to the SJA recommendation. *See* RCM 1106(f)(5), Manual for Courts–Martial, United States (1995 ed.).

I would resolve this case under the prejudice prong of *Strickland.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. 2052. Appellant has not convinced me that the convening authority would have acted differently had appellant been able to reply to the SJA's recommendation. Appellant had already submitted various post-trial matters to the convening authority.

Defense counsel's actions were not prejudicial to appellant. To the contrary, defense counsel's actions did result in some relief regarding the SJA recommendation: the SJA redacted a portion of the material at issue in the Victim Impact Statement. Accordingly, I join the majority's affirmance of the lower court opinion.