# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

### No. 201600297

_____

### UNITED STATES OF AMERICA
Appellee

v.

### AMBER N. ATKINS
Hull Maintenance Technician Second Class (E-5), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Charles N. Purnell, JAGC, USN.
Convening Authority: Commanding Officer, Naval Medical Center,
Portsmouth, VA.
Staff Judge Advocate's Recommendation: Lieutenant Regina A.
Davis-Niles, JAGC, USN.
For Appellant: Lieutenant Colonel Richard A. Viczorek, USMCR.
For Appellee: Major Cory A. Carver, USMC; Lieutenant Megan P.
Marinos, JAGC, USN.

_____

Decided 28 March 2017

_____

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

RUGH, Judge**:**

A military judge sitting as a special court-martial convicted the appellant, consistent with her pleas, of conspiracy to commit larceny, wrongful use of controlled substances, and larceny—violations of Articles 81, 112a, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a, and 921 (2012). The military judge sentenced the appellant to eight months'

confinement, reduction to pay grade E-3, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, suspending all confinement in excess of 6 months for a period of confinement served plus 24 months pursuant to a pretrial agreement.

The appellant now raises two assignments of error (AOE):  (1) that the court-martial order misstates several of the pleas, findings and specifications; and (2) that the order also mistakenly purports to execute the appellant's punitive discharge. The government concedes both errors. We agree and order corrective action in our decretal paragraph. Otherwise, finding no error materially prejudicial to the appellant's substantial rights, we affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

From November 2015 to January 2016, the appellant regularly used heroin, cocaine, codeine, amphetamines, methamphetamines, and morphine. At the same time, in support of her various addictions, the appellant conspired with a civilian to trick several other junior Sailors into giving her cash in exchange for worthless checks. Additionally, she shoplifted nearly $800.00 in goods from the Navy Exchange.

## II. DISCUSSION

### A. Errors in the court-martial order

On 22 August 2016, the CA, Commanding Officer, Naval Medical Center Portsmouth, Virginia, approved and ordered executed the appellant's sentence and promulgated the results via Special Court-Martial Order (CMO) No. 1-16. As identified by the appellant and conceded by the government, the CMO contains numerous errors in the specifications, the pleas, and the findings. Although such persistent inattention to detail is disconcerting, the appellant does not assert, and we do not find, any prejudice resulting from these errors. Nevertheless, the appellant is entitled to have the CMO accurately reflect the results of the proceedings. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). We thus order corrective action in our decretal paragraph.

Additionally, the CMO provides that "the sentence is approved and will be executed."[1] Under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until there is a final judgment as to the legality of the proceedings after the completion of direct appellate review. As a result, to the extent that the CMO purported to execute the bad-conduct discharge, it was

---

[1] CMO No. 1-16 at 5.

a legal nullity. *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009). With that noted, no further action is required under these circumstances. *Id.*; *United States v. Furkin*, No. 201400005, 2014 CCA LEXIS 804, \*2 (N-M. Ct. Crim. App. 28 Oct. 2014) (per curiam).

## B. Post-trial ineffective assistance of counsel

Although not raised by the parties, we note that the trial defense counsel's request for clemency on behalf of the appellant provided:

> [Art. 60, UCMJ, and RULES FOR COURTS-MARTIAL 1101(a), 1105, and 1106, MANUAL FOR COURTS-MARTIAL (2012 ed.)] give you the power, as convening authority, to modify both the findings and the sentence of the court-martial, as long as they are not increased. As [Art. 60, UCMJ] states, this is "a matter of command prerogative in the sole discretion of the convening authority."[2]

Relying on this authority, the trial defense counsel requested that the CA disapprove the appellant's bad-conduct discharge as his only act in clemency.[3] The staff judge advocate's (SJA) addendum to her previous recommendation did not comment on this misstatement of the law or on the requested relief.

Under changes to Article 60, UCMJ, *effective now for over two-and-a-half years*, a CA may not "disapprove, commute, or suspend in whole or in part an adjudged sentence of . . . dismissal, dishonorable discharge, or bad conduct discharge" unless certain exceptions exist.[4] As a result of these changes, the CA was prohibited from granting trial defense counsel's sole, requested relief. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

"By virtue of Article 27, UCMJ, 10 U.S.C. §827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). That right extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). In reviewing claims of ineffective assistance of counsel, we "look at the questions of deficient performance and prejudice *de novo*." *United States v. Datavs*, 71

---

[2] Trial Defense Counsel Clemency Request dtd 15 Jul 2016 at ¶ 2. The request was received by the CA's staff judge advocate on 15 August 2016.

[3] While the appellant's counsel submitted the request four days late, it was still provided to the CA for his review prior to acting.

[4] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 956-57 (2013). None of the exceptional circumstances are present in this case.

M.J. 420, 424 (C.A.A.F. 2012). However, we "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense. *Id.* (citations and internal quotation marks omitted).

In evaluating post-trial ineffective assistance of counsel for prejudice, courts must give the appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

Even considering the strong presumption of competence, the trial defense counsel's request in this case was so plainly flawed as to be deficient. Regardless, we conclude that the appellant has not made a colorable showing of possible prejudice. The appellant has not articulated any specific prejudice that resulted from the request for unauthorized relief, and has submitted no evidence indicating how her trial defense counsel's clemency submission contrasted with her wishes.[5] Likewise, there has been no description of what the CA "might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). Nevertheless, we encourage all counsel and SJA to re-familiarize themselves with the current state of Article 60, UCMJ.

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed. The supplemental CMO shall correctly reflect that:

In the sole specification of Charge II, the appellant pleaded guilty by exceptions and substitutions and was found guilty by the military judge, with an additional exception and substitution, the specification thus reading:

> In that Hull Maintenance Technician Second Class Amber N. Atkins, U.S. Navy, Naval Medical Center Portsmouth, on active duty, did, at or near Norfolk, Virginia, about November and December 2015, conspire with Ms. Julie Hall to commit

---

[5] *See United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that vague or general intimations with regards to what the appellant would have submitted to the convening authority were insufficient to show prejudice).

offenses under the Uniform Code of Military Justice, to wit: larceny of money of a value of over $500.00, the property of various other persons, and in order to effect the object of the conspiracy, the said Hull Maintenance Technician Second Class Amber N. Atkins, U.S. Navy, and Ms. Julie Hall did knowingly ask at least one person to cash a valueless check.

In Specifications 2, 3 and 4 under Charge IV, the military judge excepted the word, "Portsmouth" substituting therefore the word, "Norfolk," and found the appellant guilty of the specifications as excepted and substituted.

In Specification 5 under Charge IV, the specification should read, in part: "steal cash of a value of about $500.00, the property of . . ."

In the sole specification under Charge VI, the specification should read, in part: "on or about 26 May 2015, with intent to deceive and for the payment of a past due obligation, wrongfully and unlawfully make and utter to Aviation Machinist's Mate Second Class [CB], U.S. Navy, a certain check upon the Navy Federal Credit Union in words and figures as follows, to wit…"

Senior Judge CAMPBELL and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court