UNITED STATES, Appellee,

v.

Novis K. WILEY, Senior Airman
U.S. Air Force, Appellant.

No. 96–1309.
Crim.App. No. 31379.

U.S. Court of Appeals for
the Armed Forces.

Argued June 4, 1997.

Decided Sept. 17, 1997.

Effron, J., filed dissenting opinion.

For Appellant: *Charles L. Carpenter, Jr.* (USAFR) (argued); *Lieutenant Colonel Kim L. Sheffield* and *Major Carol Hubbard* (on brief); *Colonel David W. Madsen, Captain Todi S. Carnes,* and *Captain Tishlyn E. Taylor.*

For Appellee: *Captain Steven D. Dubriske* (argued); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Captain Deborah M. Carr* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of committing indecent acts on a female under the age of 16 (2 specifications) and taking indecent liberties with a female under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The military judge sentenced appellant to a dishonorable discharge, confinement for 8 years, total forfeitures, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority reduced the confinement to 6 years and disapproved the forfeitures, but approved the remainder of the adjudged sentence.

The Court of Criminal Appeals affirmed the findings in an unpublished opinion but reduced the confinement to 5 years and 6 months to cure an evidentiary error in the sentencing hearing.

■ Our Court granted review of the following specified issue:

WHETHER TRIAL DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL, POST–TRIAL, BY FAILING TO RESPOND TO EXTRA–RECORD, ADVERSE INFORMATION IN THE STAFF JUDGE ADVOCATE'S POST–TRIAL RECOMMENDATION, WHICH INFORMATION WAS ERRONEOUSLY PORTRAYED AS EVIDENCE ON THE MERITS.

We hold that appellant was not prejudiced by any deficiency in his counsel's post-trial performance.

When appellant's case was referred to trial, he was charged with rape, sodomy, committing indecent acts, and taking indecent liberties. The victim of all these offenses was his 7–year–old stepdaughter. The rape and sodomy were alleged to have occurred on divers occasions between December 26, 1992, and May 31, 1994. The indecent acts and indecent liberties were alleged to have occurred on divers occasions between July 1, 1992, and May 31, 1994.

Appellant pleaded guilty to committing the indecent acts and the indecent liberties occurring during a shorter period than originally charged, *i.e.*, from July 1, 1992, to July 31, 1993. He pleaded not guilty to rape and sodomy, and those charges were withdrawn upon acceptance of his pleas of guilty, in accordance with a pretrial agreement.

In his post-trial recommendation to the convening authority, the staff judge advocate (SJA) erroneously summarized the evidence supporting the offenses as originally charged instead of the evidence supporting the offenses to which appellant had pleaded guilty.

The recommendation was served on defense counsel, who submitted a clemency petition but did not point out the errors in the summary of the evidence. Appellant now argues that he was prejudiced by his counsel's ineffective post-trial representation. Even though there is no affidavit from defense counsel explaining his rationale, the Government argues that defense counsel made a "tactical decision" not to point out the SJA's error. Answer to Final Brief at 6. The Government further argues that appellant has not been prejudiced.

■ An appellant is entitled to effective post-trial representation, judged by the same standard as representation at trial. *United States v. MacCulloch*, 40 MJ 236, 239 (CMA 1994). The standard for measuring claims of ineffective representation is a two-pronged test. First, an appellant must show that counsel's performance was deficient. Second, an appellant must show that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To satisfy the second prong, an appellant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2067. We review issues regarding effectiveness of counsel *de novo*. 2 S. Childress & M. Davis, *Federal Standards of Review*, § 12.09, at 12–63 (2d ed.1992).

■ In appropriate cases, failure to respond to errors in the SJA's recommendation might satisfy the first prong. *See United States v. Parks,* 46 MJ 114 (1996) (extent of drug use overstated). However, we need not address the first prong in this case. The Supreme Court has observed that an appellate court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." The purpose of appellate review "is not to grade counsel's performance." Furthermore, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." 466 U.S. at 697, 104 S.Ct. at 2069.

We hold that appellant was not prejudiced by any deficiencies in his counsel's performance, for three reasons. First, he received a substantial sentence reduction under his pretrial agreement. Second, the same officer referred the charges to trial, accepted appellant's pretrial agreement, and acted on the sentence. The convening authority was thus well aware of the evidence against appellant, regardless of the guilty pleas. The SJA's erroneous recommendation merely told the convening authority what he already knew. *Cf. United States v. Parks, supra* (statement in SJA's recommendation factually incorrect and not supported by evidence). Finally, the convening authority was authorized to consider evidence of additional misconduct in deciding whether to reduce the sentence beyond what was required by the pretrial agreement. RCM 1107(b)(3)(B)(iii), Manual for Courts–Martial, United States (1995 ed.); *United States v. Leal,* 44 MJ 235, 237 (1996).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN and CRAWFORD concur.

EFFRON, Judge (dissenting):

The standard for ineffective assistance of counsel established by *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), involves a two-part test. The first part requires a showing that the performance of counsel fell below an objective standard of reasonableness. The second part requires proof of prejudice. *United States v. Scott,* 24 MJ 186, 188 (CMA 1987).

Defense counsel's performance clearly was deficient under the first prong of *Strickland.* Defense counsel owes a continuing duty to zealously represent his client during the post-trial stages of a case that lead to appellate review. *United States v. Palenius,* 2 MJ 86 (CMA 1977). Effective assistance of counsel is especially important at that point because it represents an accused's last, best chance for a reduction in sentence. *See United States v. Howard,* 47 MJ 104 (1997); *United States v. Jones,* 36 MJ 438, 439 (CMA 1993). Appellant was denied that assistance when his counsel failed to correct substantial, prejudicial errors in the staff judge advocate (SJA)'s post-trial recommendation to the convening authority.

After repeatedly requesting extensions of the deadline for submission of appellant's clemency petition, *see* RCM 1105(c)(1), Manual for Courts–Martial, United States (1994 ed.), defense counsel submitted a clemency petition that was unremarkable, save in one respect—it failed to correct serious error in the SJA's post-trial recommendation. *See* RCM 1106(f)(4).

Under a pretrial agreement, appellant was convicted of two specifications of committing indecent acts on a female under the age of 16 and one specification of taking indecent liberties with the same girl (his stepdaughter), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Other allegations of rape and forcible sodomy of the same victim on "divers occasions" over a period of 1½ years were withdrawn by the Government when appellant's pleas were accepted.

In a section headed, *"Synopsis and Sufficiency of the Evidence,"* however, the SJA's post-trial recommendation discussed all the initial charges in the case, not just the ultimate findings of the court-martial. The recommendation implied to the convening authority that the "evidence" depicted "about ten" distinct offenses of rape or forcible sod-

omy, even though appellant's convictions at his court-martial were limited to two specifications of committing indecent acts and one of taking indecent liberties. The SJA's recommendation contained a dramatic overstatement of the evidence actually presented at trial, both in terms of the quantity and the quality of the crimes of which appellant actually was convicted. There was no tactical reason for defense counsel to permit such misinformation to reach the convening authority.

I agree with the majority that, in an appropriate case, it is permissible to avoid a decision on the first prong of *Strickland* if an appellant cannot demonstrate prejudice. In this case, the majority's opinion regarding lack of prejudice is unpersuasive.

First, although appellant's sentence was reduced from 8 years to 6 years, that reduction was a result of his pretrial agreement, not a post-trial action by the convening authority. The convening authority's post-trial action, taken after receiving unrebutted erroneous advice from his SJA, left appellant with a substantial 6–year sentence to confinement.

Second, a pretrial agreement does not nullify clemency proceedings. The fact that the convening authority was aware of the charges pending prior to the court-martial does not excuse a post-trial recommendation that inappropriately draws attention to charges that were not resolved against appellant at trial and that implies conviction thereon.

Third, I disagree with the majority's reliance on speculation that the "convening au-

thority was thus well aware of the evidence against appellant" because he had referred all of the charges to trial and had entered into the pretrial agreement. 47 MJ at 160. The primary duty of a convening authority is to command a military unit, not to serve as a judicial official. The statutory requirement for an SJA to prepare a formal written recommendation reflects recognition that busy commanders need assistance in summarizing and focusing the issues in cases presented to them for action. In this case, the summary was inaccurate and unfocused. The withdrawn charges were untried and untested. Such misinformation can make a significant difference in how a convening authority determines whether a sentence is appropriate.

Although the convening authority is authorized to consider evidence of misconduct beyond that which has been tried and found true, the convening authority should not be misled as to evidence actually presented at trial. The SJA prejudicially erred by including the section in question, and appellant depended upon his counsel to correct both the error and the prejudice. Yet, counsel was silent in that regard. The second part of the *Strickland* test for ineffective assistance of counsel is met by this clear demonstration of prejudice.

Both the convening authority and appellant deserve a minimum standard of competence throughout the post-trial proceedings, and that minimum was not met by defense counsel in this case. I would require a new SJA's recommendation and convening authority's action in this case.