**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic CREE A. DENNIS**
**United States Air Force**

**ACM S32115**

**25 February 2014**

Sentence adjudged 24 October 2012 by SPCM convened at Joint Base San Antonio-Lackland, Texas. Military Judge: Donald R. Eller, Jr. (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, and forfeiture of $500.00 pay per month for 6 months.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MARKSTEINER, Judge:

The appellant was tried by a military judge who found her guilty, in accordance with her pleas, of four specifications of being absent without leave; one specification of dereliction of duty; and four specifications of wrongfully using marijuana, in violation of Articles 86, 92, and 112a, UCMJ, 10 U.S.C. §§ 886, 892, 912a. The approved and adjudged sentence consisted of a bad-conduct discharge, confinement for 6 months, and forfeiture of $500.00 pay per month for 6 months. In the single specified error, presented pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant alleges

she received ineffective assistance of counsel. Specifically, she argues she would not have pled guilty to the drug charge if her trial defense counsel had properly informed her that commander-directed drug tests are inadmissible against an accused at a court-martial. In support of her argument, she submitted an unsigned and largely non-specific affidavit from a former co-worker which was ostensibly intended to call into question the randomness of the first of five urinalyses which revealed the presence of the metabolite of marijuana in her urine. The appellant's trial defense counsel also submitted an affidavit in which she detailed her actions and supporting rationale for the efforts she undertook in the appellant's case. We find the appellant's argument to be without merit and affirm.

In sum, the appellant was lawfully subjected to a random urinalysis test on 12 July 2012. When the result of that test indicated she had used an illegal drug, the appellant was required to provide a follow-up urine sample pursuant to standing air base wing policy, consistent with *United States v. Bickel*, 30 M.J. 277 (C.M.A. 1990). Eventually the appellant provided four additional follow-up urine samples, all pursuant to the same policy, each of which tested positive for illegal drug use. In a post-trial affidavit, the appellant's trial defense counsel explained that according to her evaluation of the evidence, since the initial test was the result of random selection and the subsequent tests were lawful extensions of that first test, "there was no need to discuss the admissibility of [a] command-directed urinalysis." Trial defense counsel stated that she informed the appellant "each positive urinalysis could and would be used against her and . . . explained the possibility of filing a motion to exclude the Drug Testing Reports." Trial defense counsel reported she "discussed at length [with the appellant] the unlikelihood of success of a motion of that nature, given the current state of the law, and [the appellant] agreed with [her] assessment."

We review ineffective assistance of counsel claims de novo. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001) (citations omitted); *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997). The Supreme Court held that the Sixth Amendment[1] entitles criminal defendants to representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms." *United States v. Strickland*, 466 U.S. 668, 688 (1984). Our inquiry into an attorney's representation must be "highly deferential" to the attorney's performance and employ "a strong presumption" that counsel's conduct falls within the wide range of professionally competent assistance." *Id*. at 689. Our superior court has applied this standard to military courts-martial, noting that, "[i]n order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687; *United States v. Mazza*, 67 M.J.

---

[1] U.S. CONST. amend. VI.

470, 474 (C.A.A.F. 2009)). "[T]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S.Ct. 770 (2011) (citations omitted).

We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. In making that determination, we consider the totality of the circumstances, bearing in mind that "counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work . . . [and] recogniz[ing] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. The heavy burden of establishing that her trial defense counsel was ineffective belongs to the appellant. *See United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

When making the two-part inquiry into the reasonableness of counsel's conduct and whether prejudice resulted, we note that "in many cases review of the record itself is sufficient" to resolve the appellant's claims of ineffectiveness. *United States v. Lewis*, 42 M.J. 1, 3 (C.A.A.F. 1995). Evidentiary hearings are required if there is any dispute regarding material facts in competing declarations submitted on appeal which cannot be resolved by the record of trial and appellate filings. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Applying these standards, we find that any material conflict in the respective declarations regarding this issue may be resolved by reference to the record and appellate filings without the need for an evidentiary hearing.

Having reviewed the totality of the circumstances contained in the record now before us, and with due regard to strong presumption that her trial defense counsel exercised reasonable professional judgment in the appellant's representation, we find the appellant failed to meet the heavy burden of establishing that the assistance she received at trial was ineffective. *Strickland*, 466 U.S. at 668.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

3                                                                                          ACM S32115