# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist BYRON E. BERO**
**United States Army, Appellant**

ARMY 20120694

Headquarters, 101st Airborne Division (Air Assault) and Fort Campbell (pretrial)
Headquarters, Fort Campbell (post-trial)
Timothy Grammel and Fansu Ku, Military Judges
Lieutenant Colonel Jeff A. Bovarnick, Staff Judge Advocate (advice)
Lieutenant Colonel Sebastian A. Edwards, Acting Staff Judge Advocate
(recommendation)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain
Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA;
Major Steven J. Collins, JA; Captain Daniel H. Karna, JA (on brief).

31 October 2014

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant,
contrary to his pleas, of two specifications of wrongful sexual contact in violation of
Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Sup. IV
2011) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct
discharge, confinement for sixty days, and reduction to the grade of E-1. The
convening authority approved the adjudged sentence.[1]

---

[1] The convening authority also deferred automatic forfeiture of pay and allowances
until action.

BERO—ARMY 20120694

This case is before us for review under Article 66, UCMJ.  Appellant raises two assigned errors, one of which requires discussion but no relief.

## BACKGROUND

Defense counsels, Captain (CPT) MZ and CPT SA, represented appellant during his court-martial.  Their representation continued through the post-trial phase of appellant's trial to include the submission of clemency matters to the convening authority in accordance with Rules for Court-Martial 1105 and 1106.

In a statement made under penalty of perjury, filed contemporaneously with his pleadings before this court, appellant claims that his defense counsel, CPT MZ, was ineffective during the post-trial phase of his court-martial.  Specifically, appellant alleges CPT MZ did not submit appellant's mother's 23-page type-written letter to the convening authority as he had requested.  Appellant states:

> After serving my sentence to confinement, I returned to Fort Campbell to complete the out-processing procedure. During that time, I met in person with my trial defense attorney, Captain [MZ], to discuss what I wanted to submit to the convening authority as part of the clemency process . . . .
>
> I presented CPT [MZ] with a stack of approximately 40 pages of documents.  The documents included a letter from my mother, Ms. [JB], to the convening authority. The letter was approximately 23 typed pages long and consisted of a list of inconsistencies in testimony by the alleged victim, names of witnesses who my defense counsel failed to contact or have testify on my behalf, and notes concerning other matters which appeared to be problematic with the proceedings against me.
>
> I informed CPT [MZ] that I wanted these documents included in my [clemency] submissions.  CPT [MZ] appeared concerned about the submissions and attempted to dissuade me from including them in my submissions.  I reiterated that I wanted them included.  At the conclusion of our conversation, I once again informed CPT [MZ] that I wanted the documents included in my [clemency] matters.

> Upon receipt of my record of trial, I discovered that CPT [MZ] did not include the documents that I instructed him to include in my [clemency] matters.

The letter and corresponding attachments from appellant's mother, among other things, alleged that CPT MZ provided ineffective assistance of counsel at trial, including various deficiencies such as CPT MZ's alleged failure to interview or call witnesses on appellant's behalf, not introducing other favorable evidence on behalf of appellant, and not being prepared to counter the government's evidence. The letter also outlined other concerns with her son's court-martial, including recent public concern over sexual abuse in the military, and other matters she deemed helpful in providing the convening authority some insight into appellant's case.

Upon order from this court, CPT MZ provided an affidavit indicating that appellant's mother – and not appellant – provided him with the letter and said attachments. Captain MZ states that during a meeting on 11 February 2013, appellant "did not want the letter included in his clemency submissions. . . . I asked appellant whether he believed any of his mother's assertions contained in the letter. Appellant replied that he did not. . . . Appellant further stated that he did not share his mother's views and that she was 'driving him nuts' or words to that effect." Captain MZ indicates that he believed the letter would hurt appellant's chances for clemency, in part because the letter was "rambling and factually incorrect" and also because the letter "contained sexually explicit email traffic between her and [appellant] which did not further [my] client's cause." Captain MZ indicates that appellant categorically denied sharing any views expressed by his mother in the letter, and that he was not using his mother as a vehicle to voice an ineffective assistance of counsel claim.

Captain MZ indicates that during a second meeting held on 19 February 2013, appellant had the same stance regarding his mother's letter as he did in the 11 February 2013 meeting.

Attached to CPT MZ's affidavit is a memorandum for record (MFR) dated 20 February 2013, contemporaneously drafted during the time frame CPT MZ met with appellant. The MFR is signed by both CPT MZ and appellant's co-counsel and addresses the issues raised by appellant's mother in her letter in some detail. The MFR indicates appellant was offered the opportunity to have different counsel represent him, in part, due to the allegation suggesting ineffective assistance of counsel. The MFR states that appellant "explained that his mother's letter did not represent his views and that he did not want the letter included in his appellate matters." According the MFR, appellant seemed frustrated with his mother's involvement in the case.

**LAW AND DISCUSSION**

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, appellant must satisfy the two-part test "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001); *United States v. Wiley,* 47 M.J. 158, 159 (C.A.A.F. 1997)).

In *United States v. Lee*, 52 M.J. 51, 52 (C.A.A.F. 1999), our superior court explained:

> The right to effective representation extends to post-trial proceedings. *United States v. Cornett*, 47 MJ 128, 133 (1997). Defense counsel is responsible for post-trial tactical decisions, but he should act "after consultation with the client where feasible and appropriate." *United States v. MacCulloch*, 40 MJ 236, 239 (CMA 1994).

"[C]ounsel do not have the authority unilaterally to refuse to submit matters which the client desires to submit. Counsel's duty is to advise, but the final decision as to what, if anything, to submit rests with the accused." *United States v. Lewis*, 42 M.J. 1, 4 (C.A.A.F. 1995).

As a threshold matter, because appellant and counsel filed conflicting post-trial affidavits, we look to whether a post-trial evidentiary hearing is required. *Ginn*, 47 M.J. at 248. Applying the fourth *Ginn* factor, we conclude that an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel. *Id*. Applying the fourth *Ginn* factor, we conclude that an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel. *Id*. Assuming appellant's affidavit is factually adequate on its face, "the appellate filings and the record as a whole compellingly demonstrate the improbability of those facts" and we may therefore "discount those factual assertions and decide the legal issues." *Id.*

In making our decision, we find the MFR created during the same timeframe defense counsel were meeting with appellant and his mother about his clemency matters to be compelling regarding appellant's wishes. The MFR was drafted nearly a year before appellant's claim of ineffective assistance. Defense counsel's record keeping is an excellent example of documenting interactions with a client so as to

ably and accurately respond to allegations of ineffective assistance which may occur in the future.

Accordingly, the record as a whole and the appellate filings compellingly demonstrate the improbability of appellant's claim of ineffective assistance of counsel. This court discounts appellant's factual assertions and finds appellant has failed to demonstrate counsel's performance was deficient. *See Strickland,* 466 U.S. at 687; *Ginn*, 47 M.J. at 248. We, therefore, find no validity in appellant's ineffective assistance claim.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court