# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## DANIEL E. DESMIT
## CHIEF WARRANT OFFICER 4 (CWO-4), U.S. MARINE CORPS

### NMCCA 201500178
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 28 January 2015.
**Military Judge:** Col D.J. Daughtery, USMC.
**Convening Authority:** Commanding General, 3d Marine Division, Camp Foster, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** LtCol K.T. Carlisle, USMC.
**For Appellant:** LCDR William Stoebner, JAGC, USN.
**For Appellee:** LCDR Justin Henderson, JAGC, USN; Capt Matthew M. Harris, USMC.

### 28 January 2016

---

### OPINION OF THE COURT

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of eight specifications of conspiring to sexually assault a child under the age of 16, two specifications of conspiring to rape a child under the age of 12, three specifications of aggravated sexual abuse of a child under the age of 16, three specifications of sexual abuse of a child under the age of 16, and two specifications of receiving child pornography, in violation of Articles 81, 120, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 920, 920b, and 934. The convening authority approved the adjudged 144 years of confinement, a reprimand, and a dismissal. Pursuant to a pretrial agreement, all confinement in excess of 20 years was

suspended, and automatic forfeitures were deferred and then waived for the benefit of the appellant's dependents.

Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant's lone assignment of error asserts trial defense counsel provided ineffective post-trial assistance. The clemency aspects the appellant intended to present—"[his] length of service, his immediate acceptance of responsibility of his misconduct, and his full cooperation with the investigation"[1]—were all included in the trial defense counsel's clemency letter[2] and considered by the convening authority.[3] The appellant argues ineffective assistance derives from the clemency request not taking his intended form of a letter directly from him.[4] After carefully considering the record of trial and the submissions of the parties, we find the findings and sentence are correct in law and fact, and find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

To overcome the presumption that his counsel was effective, the appellant bears the burden of proving both ineffectiveness and that the ineffectiveness was prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). Our superior court established a three-part test to determine if the presumption of competence is overcome: 1) Are appellant's allegations true; if so, is there a reasonable explanation of counsel's actions? 2) If the allegations are true, did defense counsel's level of advocacy fall measurably below the performance ordinarily expected of fallible lawyers? 3) If defense counsel was ineffective, is there a reasonable probability that, absent the errors, there would have been a different result? *Unites States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (citing *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)). "An appellant is entitled to effective post-trial representation, judged by the same standard as representation at trial." *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997) (citation omitted).

Assuming as true that the appellant and his counsel discussed submitting a personal letter from the appellant to the convening authority before trial defense counsel submitted his clemency request, we find the allegation does not rise to the level of ineffective assistance. Consequently, we may resolve the assigned error without resorting to additional fact-finding. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Trial defense counsel submitted a thorough and articulate request for reduced confinement, enclosing five letters from the appellant's military friends, church community, and family members. That clemency effort was certainly within the " 'wide range of reasonable professional assistance' " governing defense counsel performance. *United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 689). Even if we assume ineffectiveness, the appellant has shown no reasonable probability that the convening authority would have taken more favorable action towards him had the appellant personally written or signed a clemency request.

---

[1] Appellant's Brief of 9 Nov 2015 at 8.

[2] Clemency Request of 24 Apr 2015 at 1-2.

[3] General Court-Martial Order No. 02-2015 of 18 May 2015 at 7.

[4] The appellant does not allege his defense counsel failed to consult with him or submit his letter. Without claiming to have even drafted a letter, the appellant merely describes discussing with counsel, before his transfer to Fort Leavenworth, Kansas, his intent to submit a letter.

The findings and sentence approved by the convening authority are affirmed.

For the Court



R.H. TROIDL
Clerk of Court