# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ANDREW W. OLSEN**
**United States Army, Appellant**

ARMY 20130962

Headquarters, 1st Infantry Division and Fort Riley
Jeffery R. Nance, Military Judge
Colonel Craig E. Merutka, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain Patrick A. Crocker, JA (on initial brief);[*] Captain Patrick J. Scudieri, JA; Mr. Mark C. Prugh, Esq. (on brief).

For Appellee:  Major A.G. Courie III, JA (on initial brief); Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

29 January 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of raping a child under the age of twelve years, and two specifications of sodomizing a child under the age of twelve years in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-seven years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

---

[*] This court granted a Motion for Leave to Withdraw Pleading upon notice appellant retained the services of the civilian appellate defense counsel listed above.  The *Grostefon* matters appended to the withdrawn pleadings were considered by this court.

OLSEN—ARMY 20130962

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns five errors to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Only one assigned error warrants discussion but no relief; the matters raised under *Grostefon* are without merit.

## BACKGROUND

Appellant's court-martial was preceded by an investigation under Article 32, UCMJ, and a sanity board ordered by the convening authority under Rule for Courts-Martial [hereinafter R.C.M.] 706. The military judge granted a Motion to Compel Appointment of a Forensic Psychiatric Expert filed by defense counsel prior to trial, resulting in the appointment of Dr. WL to the defense team. Appellant was represented by civilian defense counsel, Mr. JP, and military defense counsel, Captain (CPT) GV during these proceedings.

Appellant pleaded guilty to penetrating the vulva of AO, his daughter, with his penis on divers occasions, penetrating her anus with his penis, and penetrating her vulva with his tongue on divers occasions. All of these incidents occurred between 29 June 2009 and 31 January 2012, before AO was twelve years of age. Appellant pleaded guilty without a pretrial agreement; there was no stipulation of fact. During his colloquy with the military judge, appellant admitted his misconduct and stated he was satisfied with the representation of Mr. JP and CPT GV. The following dialogue occurred between the military judge, counsel, and appellant prior to findings:

> MJ: Sergeant Olsen, has anyone made any agreements with you or promises to you in an effort to get you to plead guilty?
>
> ACC: No, Your Honor.
>
> MJ: Defense Counsel, have you had enough time and opportunity to discuss this case with Sergeant Olsen?
>
> CDC [Mr. JP]: Yes, Your Honor.
>
> DC [CPT GV]: Yes, Your Honor.
>
> MJ: And Sergeant Olsen, have you had enough time and opportunity to discuss this case with your defense counsel?
>
> ACC: Yes, Your Honor.

2

MJ: Have you in fact consulted fully with them and received the full benefit of their advice?

ACC: Yes, Your Honor.

MJ: Are you satisfied that their advice is in your best interests?

ACC: Yes, Your Honor.

MJ: And are you satisfied with them as your defense counsel?

ACC: Yes, Your Honor.

MJ: And are you pleading guilty voluntarily and of your own free will?

ACC: Yes, Your Honor.

MJ: Has anyone made any threat or tried in any way to force you to plead guilty?

ACC: No, Your Honor.

MJ: Do you have any questions as to the meaning and effect of a plea of guilty?

ACC: No, Your Honor.

MJ: Do you fully understand the meaning and effect of your plea of guilty?

ACC: Yes, Your Honor.

MJ: Do you understand that even though you believe you are guilty, you have the legal and moral right to plead not guilty and to force the government to prove your guilt by legal and competent evidence beyond a reasonable doubt?

ACC: Yes, Your Honor.

Additionally, the military judge *sua sponte* conducted a thorough inquiry into appellant's mental responsibility and competency to stand trial after the defense

rested its sentencing case. Beyond satisfactorily answering questions about appreciating the nature, quality, and wrongfulness of his actions, his understanding of the proceedings, and his ability to cooperate with the defense team, appellant did not raise any questions or concerns regarding his counsels' advice. Further, appellant did not express dissatisfaction with counsel's performance in matters submitted to the convening authority pursuant to R.C.M. 1105.

Appellate defense counsel now asserts appellant received ineffective assistance at trial when Mr. JP and CPT GV failed to investigate the case or AO's prior sexualization by others, and that both counsel: (1) forced him to choose a judge alone forum before a military judge they knew or should have known could not be fair; (2) forced him to plead guilty to charges both counsel knew or should have known, through reasonable diligence, were beyond his actual level of culpability; (3) failed to at least attempt to suppress appellant's statements to criminal investigators that counsel knew or should have known, with reasonable diligence, were involuntary and inaccurate; (4) failed to properly obtain and use experts for the defense case (i.e., request a medical doctor to counter the government's expert and to properly use their own expert, Dr. WL, to suppress appellant's statement, fully explore the lack of a mental responsibility defense, and nullify the findings in appellant's sanity board results under R.C.M. 706); and (5) failed to point out to the trial court that the sanity board results were unreliable.

Upon order from this court, Mr. JP and CPT GV filed sworn affidavits that conflict with appellant's affidavit and the supplemental affidavits offered by appellate defense counsel. While refuting the claims of ineffective assistance, Mr. JP and CPT GV attest to conducting a thorough investigation of this case, their preparation for trial, tactical considerations regarding forum selection, pleas, and potential defenses, and their communications with appellant. Attachments to CPT GV's affidavit include an acknowledgement of rights advisement signed by appellant.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, appellant must satisfy the two-part test, "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001) and *United States v. Wiley,* 47 M.J. 158, 159 (C.A.A.F. 1997)).

Considering affidavits filed by appellant conflict with affidavits filed by Mr. JP and CPT GV, we look to whether a post-trial evidentiary hearing is required as a threshold matter. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). We conclude an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel. Assuming appellant's affidavit is factually adequate on its face, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts" and we may, therefore "discount those factual assertions and decide the legal issue." *Id.* Additionally, we are not convinced appellant has "rationally explain[ed]" the contradiction between statements he made during his guilty plea and his statements made under penalty of perjury here. *Id.*

Appellant's affidavit is irreconcilable with statements he made at trial, where he clearly verified an understanding of his legal right to plead not guilty, acknowledged satisfaction with advice from his counsel, and provided a factual predicate for his guilt. We "must consider these admissions to determine whether a disputed issue of fact has been raised which requires that a *DuBay* hearing be ordered." *Ginn*, 47 M.J. at 244. There was no indication appellant was coerced by counsel to go judge alone and plead guilty to all charges and specifications. Moreover, appellant's defense counsel successfully moved the trial court to appoint their hand-picked expert (Dr. WL) to assist them before and during the court-martial, and they presented a coherent presentencing case that met an "objective standard of reasonableness" well within the "wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 688, 690.

In our view, appellant's trial statements compellingly demonstrate the improbability of the facts alleged in his affidavit to this court made under penalty of perjury. *Ginn*, 47 M.J. at 248. Given our application of *Ginn*, we are convinced appellant has not carried his burden on the first prong of *Strickland*. Finally, we do not find Mr. JP and CPT GV were ineffective in their representation of the appellant.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court