# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant THOMAS C. RICHARDS**
**United States Army, Appellant**

ARMY 20160394

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Major Andrew W. Scott, Acting Staff Judge Advocate (pretrial)
Colonel Peter R. Hayden, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Joshua B. Banister, JA (on brief).

21 August 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to obey a lawful order, two specifications of rape of a child, two specifications of aggravated sexual assault of a child, and sexual abuse of a child, in violation of Articles 92, 120, and 120b, Uniform Code of Military Justice, 10 U.S.C. § 892, 920, 920b (2006 and Supp. IV, 2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-two years, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for eighteen years, and reduction to the grade of E-1.

Appellant's case is now pending review before this court pursuant to Article 66, UMCJ. Appellant raises one assignment of error, which merits neither discussion nor relief. Additionally, we find that one matter raised personally by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), merits discussion

but not relief: an allegation of ineffective assistance of counsel against one of his defense counsel for failing to investigate potentially exculpatory evidence and threatening appellant into entering a pretrial agreement. This court ordered affidavits in response to appellant's allegations of ineffective assistance of counsel. The government submitted affidavits by both defense counsel Captain (CPT) MC, CPT DC, and Major (MAJ) JK, the senior defense counsel.

## BACKGROUND

Appellant pleaded guilty to penetrating the vulva of CR, his step-daughter, with his penis and fingers, both on divers occasions. Some incidents occurred between 7 January 2008 and 11 January 2009, before CR was twelve years of age. Other incidents occurred between 19 August 2009 and 2 September 2009, after CR had attained twelve years of age, but had not attained the age of sixteen. Appellant also pleaded guilty to touching PP's genitalia with his hand. This incident occurred between 1 April 2014 and 28 May 2014, before PP was twelve years of age. Lastly, appellant pleaded guilty to violating a lawful order.

During his colloquy with the military judge, appellant admitted his crimes, stated he was satisfied with the representation of CPT MC and CPT DC, and agreed that no one threatened or tried in any way to force him to plead guilty.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, appellant must satisfy the two-part test, "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001) and *United States v. Wiley,* 47 M.J. 158, 159 (C.A.A.F. 1997)).

In this case, there is conflict between the affidavits of CPT MC and appellant regarding the former's alleged failure to investigate potentially exculpatory evidence. Considering this conflict, we look to whether a post-trial evidentiary hearing is required as a threshold matter. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). We conclude an evidentiary hearing is not warranted and that appellant has not met his burden of establishing ineffective assistance of counsel. Assuming appellant's affidavit is factually adequate on its face, "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts" and we may, therefore "discount those factual assertions and decide the

legal issue." *Id.* Additionally, we are not convinced appellant has "rationally explain[ed]" the contradiction between statements he made during his guilty plea and his statements made under penalty of perjury here. *Id.*

Appellant claims CPT MC never contacted witnesses and agencies who had information on CR and her biological mother. Captain MC, on the other hand, states he did contact witnesses identified by appellant and that although appellant never provided him with the names of specific agencies, he made reasonable search efforts of agencies near Fort Drum, New York that might have possessed information on CR. We conclude appellant's factual allegations are without merit because the record compellingly demonstrates their improbability. The record of trial directly contradicts the allegation that CPT MC did not contact potential witnesses. One witness who appellant claims was never contacted, actually provided a statement in support of the appellant during the pre-sentencing portion of the trial. Moreover, appellant's statements at trial were unequivocal regarding his satisfaction with his defense counsel.

Appellant also claims CPT MC threatened appellant into entering a pretrial agreement, which CPT MC denies. Appellant's affidavit is irreconcilable with statements he made at trial. He clearly verified an understanding of his legal right to plead not guilty, provided a factual predicate for his guilt, acknowledged that he voluntarily entered into a pretrial agreement, indicated he did not wish to withdraw from the pretrial agreement, and agreed he was not threatened or coerced into pleading guilty and acknowledged satisfaction with his counsel's advice. We "must consider these admissions to determine whether a disputed issue of fact has been raised which requires that a *DuBay* hearing be ordered." *Ginn*, 47 M.J. at 244. There was no indication appellant was either threatened or otherwise forced to plead guilty to the charges and specifications of which he was found guilty.

The record compellingly demonstrates the improbability of the facts alleged in appellant's affidavit to this court made under penalty of perjury. Accordingly, we are convinced appellant has not carried his burden on the first prong of *Strickland*, and we do not find his defense counsel were ineffective in their representation of the appellant.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge FLEMING concur.

3

RICHARDS—ARMY 20160394



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court