# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFERY T. PAGE**
**United States Army, Appellant**

ARMY 20150505

Headquarters, Fort Carson
Douglas K. Watkins, Military Judge
Colonel Paul J. Perrone, Jr., Staff Judge Advocate (pretrial)
Colonel Gregg A. Engler, Staff Judge Advocate (post-trial)

For Appellant: John N. Maher, Esq.; Captain Katherine L. DePaul, JA (on brief and reply brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

14 September 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

In this case we hold that appellant's defense counsel were not ineffective in that they made reasonable decisions about evidence at trial.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas,[1] of unpremeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge and

---

[1] Pursuant to a pretrial agreement, appellant pleaded guilty to involuntary manslaughter in violation of Article 119, UCMJ, in exchange for a sentence cap and the government's dismissal of a premediated murder specification. The military judge accepted appellant's plea to involuntary manslaughter but ultimately dismissed the specification, as a lesser-included offense, after entering a finding of guilty to unpremeditated murder.

confinement for twenty-six years and credited appellant with 518 days of confinement against the sentence to confinement.

Appellant's case is now pending review before this court pursuant to Article 66, UMCJ. Appellant asserts four assigned errors, which merit no discussion or relief. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally raises ineffective assistance of counsel (IAC), which merits brief discussion, but no relief.

## BACKGROUND

While on guard duty in Jordan, appellant placed his M4 rifle on semi-automatic, pointed and aimed his weapon into the area he was guarding at an approaching platoon member, Specialist (SPC) JP, who was bringing appellant his lunch. Appellant squeezed the trigger and shot SPC JP in the head from approximately fifty-five feet away. Specialist JP later died from his injuries.

The issue at trial was whether appellant had the specific intent to kill or inflict great bodily harm on Specialist (SPC) JP and committed the offense of unpremediated murder. Defense trial strategy centered on trying to present circumstantial evidence of appellant's lack of specific intent to kill SPC JP.

Defense asserted the shooting was accidental because appellant failed to remember chambering a round in his M4 a day prior to the shooting. He also alleged the unit had a practice of "dry-firing" at other soldiers. "Dry-firing," however, was explained at trial as "you raise your weapon up, aquire something *inanimate* in your optic, and then place the selector level to semi, and pull the trigger." (emphasis added). Defense proffered that unit leadership failures created fatigued soldiers who were complacent about weapons safety. This complacency led to appellant's failure to remember chambering a round and to clear his weapon.

Appellant asserts he received ineffective assistance of counsel (IAC) because his trial defense counsel failed: 1) to call multiple witnesses who testified at the Article 32, UCMJ, hearing regarding appellant's lack of motive and/or intent; 2) to introduce evidence of an alleged finding by Air Force Office of Special Investigation (AFOSI) agents that appellant negligently discharged his weapon; and 3) to introduce evidence that a Criminal Investigation Command (CID) review of appellant's laptop computer did not reveal any evidence that appellant had a motive or intent to kill SPC JP.[2]

---

[2] This court ordered affidavits from appellant's defense counsel.

## LAW AND DISCUSSION

The Sixth Amendment guarantees an accused the right to the effective assistance of counsel. *United States v. Gooch*, 69 M.J. 353, 361 (C.A.A.F. 2011) (citing *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001)). To establish that his counsel was ineffective, appellant must satisfy the two-part test, "both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We review both prongs of the *Strickland* test de novo. *United States v. Mazza,* 67 M.J. 470, 474 (C.A.A.F. 2009) (citing *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001) and *United States v. Wiley,* 47 M.J. 158, 159 (C.A.A.F. 1997)). In evaluating the first *Strickland* prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "We also are constrained by the principle that strategic choices made by trial defense counsel are 'virtually unchallengeable' after thorough investigation of the law and the facts relevant to the plausible options." *United States v. Akbar*, 74 M.J. 364, 371 (C.A.A.F. 2015) (citing *Strickland*, 466 U.S. at 690-91). After reviewing the verbatim transcript of the Article 32, UCMJ, hearing,[3] the record of trial, and the affidavits submitted by appellant and trial defense counsel, we find appellant's trial defense counsel's conduct fell within the wide range of reasonable professional assistance.

*Failure to Call Witnesses*

Appellant alleges his counsel failed to call witnesses, who testified at the Article 32, UCMJ, hearing, to testify during the trial's findings phase as to appellant's lack of motive or specific intent. While such testimony is admissible at an Article 32, UCMJ, hearing, it is impermissible evidence at trial under Military Rule of Evidence [hereinafter Mil. R. Evid.] 602. *See* Rule for Courts-Martial [hereinafter R.C.M.] 405(h) (Mil. R. Evid. 602 does not apply at Article 32, UCMJ, hearings). A lay witness can testify at trial as to observed acts or possibly even words spoken by an appellant; however, it is impermissible for a lay witness to testify as to their personal opinion as to whether appellant possessed a specific motive or intent to kill.

The trial defense counsel, through cross-examination of government witnesses and direct testimony of defense witnesses, attempted to present circumstantial evidence of not only alleged unit leadership failures that created an unsafe weapons environment, but also on appellant's actions and statements immediately before, during, and after the shooting. Defense argued appellant's act of shooting SPC JP

---

[3] The court granted appellant's motion to attach the verbatim transcript of the Article 32, UCMJ, hearing.

was an accident resulting from culpable negligence, but appellant lacked the specific intent to kill or inflict great bodily harm. The defense strategy to illicit permissible lay witness testimony on circumstantial evidence regarding appellant's lack of motive or specific intent to kill was a reasonable choice in strategy from the available alternatives.[4]

Appellant also asserts his defense counsel failed to present testimony as to his lack of specific motive or intent during the presentencing phase. As stated in one defense counsel's affidavit, considering appellant's unpremeditated murder conviction, "and with it, the requisite associated intent, such testimony, sought now by [a]ppellant during pre-sentencing, would at its best, draw relevancy objections, and at its worst, constitute an impeachment of the findings." *See* R.C.M. 923 (limiting the presentation of evidence which impeaches findings). We concur with trial defense counsel that such an avenue of attack would have, at the most, been fruitless and, at the worst, been detrimental.

*AFOSI Investigation*

The AFOSI conducted only five hours of investigation on what was initially reported to them as a negligent discharge. One day after the shooting, CID took over the investigation from AFOSI. Trial defense counsel's affidavit establishes that the relevant AFOSI agents were interviewed. AFOSI agents would not testify that they made any finding that appellant's actions were a negligent discharge because "such a characterization would have been premature" and their investigation was only temporary until the lead agency, CID, assumed the investigation. After a thorough investigation by CID, appellant was ultimately charged with premediated murder, among other offenses. Defense counsel's tactical decision not to present evidence regarding AFOSI's minimal and incomplete investigation was reasonable.

---

[4] Even assuming, arguendo, it was permissible for a lay witness to testify as to their personal opinion as to appellant's specific motive or intent or if such testimony could have been converted and favorably presented as defense evidence on appellant's character for peacefulness; this was a likely unsound tactical strategy because it opened the door for the government to challenge the lay witness' opinion with questions as to each favorable governmental circumstantial fact, which were voluminous, supporting that appellant possessed the specific intent to kill SPC JP. This government questioning would have decreased or negated the probative value of the witness' lay opinion but, more detrimentally, would have undermined the defense case by providing the government with an opportunity to re-highlight all unfavorable defense evidence regarding appellant's specific intent to kill.

*Laptop Computer*

Defense counsel's decision to not present evidence that CID failed to find evidence on appellant's computer establishing appellant's motive or intent to kill SPC JP was reasonable. The issue at trial was whether appellant committed an unpremeditated murder. Unpremeditated murder only requires as an element an intent to commit "an intentional act likely to result in death . . . . The intent need not be directed toward the person killed, or exist for any particular time before commission of the act, or have previously existed at all. It is sufficient that it existed at the time of the act." *See* Article 118(b)(2) and (c)(3)(a), UCMJ.[5]

Defense counsel conceded at trial that appellant aimed and fired his weapon at SPC JP. Therefore, appellant's state of mind at the exact moment he pulled the trigger was the key factor. Defense counsel's strategy to present circumstantial evidence as to appellant's mindset immediately before, during, and after he shot SPC JP, instead of presenting a lack of computer evidence from a different time period, was reasonable. What appellant did not type on his computer on some previous day or time had minimal, if any, bearing on whether he committed an unpremeditated murder.

While finding appellant's trial defense counsel's performance did not fall below an objective standard of reasonableness, several reasons convince us that even if counsel's performance was ineffective, it did not give rise to a "reasonable probability" the result of the proceeding would have been different. The evidence appellant asserts his defense counsel failed to present at trial was either inadmissible or of such minimal probative value that there is no reasonable probability its presentation at trial would have a created a different result in the proceeding. Under *Strickland's* two-prong test, appellant fails to meet his burden that his trial defense counsel were ineffective.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

---

[5] Department of Army Pamphlet 27-9, Military Judge's Benchbook, Instruction 3-43-2(d), states "[t]he intent to kill or inflict great bodily harm may be proved by circumstantial evidence, that is, by facts or circumstances from which you may reasonably infer the existence of such an intent. Thus, it may be inferred that a person intends the natural and probable results of an act he purposely does."



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court